[J-8-2015] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| MICHAEL G. LUTZ LODGE NO. 5, OF THE FRATERNAL ORDER OF POLICE, | : | No. 42 EAP 2014 |
| | : | |
| | : | Appeal from the Order of |
| Appellant | : | Commonwealth Court entered on |
| | : | January 2, 2014 at No. 114 CD 2013, |
| | : | affirming the Order entered on |
| v. | : | December 27, 2012 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at No. 2165 October |
| CITY OF PHILADELPHIA, | : | Term 2011. |
| | : | |
| Appellee | : | ARGUED:  May 5, 2015 |

**DISSENTING OPINION**

**MR. JUSTICE EAKIN**                     **DECIDED:  December 21, 2015**

The instant question is whether notification procedures were reasonably subsumed within the issues properly submitted to the arbitration panel.  That Panel, then the Court of Common Pleas, and then a majority of the Commonwealth Court *en banc* all reasoned that the manner of notification was subsumed, and thus properly submitted and addressed by the Panel, in response to challenges to implementation of the 2009 Award.  As I cannot find such a conclusion was unreasonable, I would affirm.

The Majority dismisses the lower courts' "somewhat technical reasoning" that the manner of notification was at issue in 2009.  *See* Majority Slip Op., at 18.  The Panel explicitly retained jurisdiction in Section 22 of the 2009 Award, and thus the FOP properly asked the Panel to resolve issues surrounding implementation of Section 14 of the award.  The FOP's dissatisfaction with the result claims the relief granted went beyond the relief requested, but interest arbitration panels are not limited to granting the

relief requested by the party raising the issue.  *See City of Philadelphia v. Int'l Ass'n of Firefighters, Local 22*, 999 A.2d 555, 565 (Pa. 2010) (explaining arbitration panels' authority to decide issues presented by parties).

The Majority claims *timing* of the notification and premium overtime compensation are entirely distinct from the *manner* of notification and thus not reviewable by the Panel.  Certainly timing and manner are not synonymous, but neither are they unrelated.  The 2009 Award explicitly provided consequences for failing to comply with the policy on time and manner of notice, demonstrating the two issues are intertwined.  Further, implementation of the 2009 Award's new residency requirements, allowing certain officers to live outside the city limits, would have an obvious effect on the logistics of notice.  If the Department were now obliged to send uniformed officers to wherever an officer lives, the operational and financial costs to the City could be significant; without modification, it could mean taking officers off patrols to drive outside the City simply to hand-deliver court notices.[1]  In this day of technological sophistication and ubiquitous cell phones and messaging, the manner of notice, particularly given the bargained-for expansion in geographic distribution of those to whom notice is given, seems a proper matter for the Panel — I cannot find that connection unreasonable.

In my view, the Panel did not exceed its authority in determining the manner of notification because the question is logically subsumed by issues regarding implementation of the 2009 Award.  Accordingly, I would affirm the Commonwealth Court's order, and must respectfully dissent.

---

[1] If, in the alternative, the police department were to unilaterally use non-uniformed personnel in place of uniformed officers for such deliveries, the FOP could challenge such a change as improper removal of bargaining unit work through an unfair labor practice charge, as delivery by uniformed personnel has long been the practice.